# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

RAYMOND McGINNIS,
CDCR #P-53244,

Plaintiff,

vs.

K. ELIJAH, Correctional Officer,

Defendant.

Civil No. 1:08cv0793 IEG (NLS)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)**

## I.

## PROCEDURAL HISTORY

On June 9, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") on June 11, 2008 [Doc. No. 4]. Plaintiff then filed a Motion to Appoint Counsel on July 11, 2008, which was denied by the Court on July 24, 2008. On November 25, 2008, this matter was

reassigned to Chief Judge Irma E. Gonzalez for all further proceedings [Doc. No. 8]. The Court found that the allegations in Plaintiff's Complaint were sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Dec. 18, 2009 Order at 3. The United States Marshal was directed to effect service of Plaintiff's Complaint upon Defendant Elijah. *Id.* at 3-4. On June 25, 2009, Defendant Elijah filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) and 12(b)(6). However, Plaintiff did not file an Opposition to Defendant's Motion.

**II.**

**FACTUAL ALLEGATIONS**

Plaintiff was incarcerated at Kern Valley State Prison on October 5, 2006. (*See* Compl. at 3.) Inmates were being released into the "yard out of Building #2" when the inmates were ordered to get down on the ground by correctional officers in the control towers. (*Id.*) Because there was puddles in the yard due to the rain, Plaintiff assumed a "squatting position." (*Id.*) Plaintiff explained to Defendant Elijah that he could not lay face down on the ground due to the water on the ground. (*Id.*) Defendant Elijah ordered Plaintiff to lay down in the puddles. (*Id.*) Plaintiff "refused to lay in the puddle of water" and the "next thing [he] knew [he] was peppered sprayed" twice in the face. (*Id.*) Plaintiff was handcuffed and taken to the medical clinic. (*Id.*)

**III.**

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)**

Defendant Elijah moves to dismiss Plaintiff's claims for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

**A. Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)**

Defendant claims Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, he seeks dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b). The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b). *See Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d

365, 368-69 (9th Cir. 1988); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)).[1] *Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1119. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120 (citing *Ritza*, 837 F.2d at 369).

**B. Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)**

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). 42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532. Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending).

The State of California provides its prisoners and parolees the right to administratively

---

[1] In so finding, the Ninth Circuit also made clear that unlike a motion for summary judgment, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt*, 315 F.3d at 1119 (citation omitted). Thus, if the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* (citing *Ritza*, 837 F.2d at 368 & n.3).

appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." CAL. CODE REGS., tit. 15 § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing CAL. CODE REGS. tit. 15 § 3084.5). The "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections.]" *See* Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of Review;" *Barry*, 985 F. Supp. at 1237-38; *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

**C. Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case**

It is well established that the failure to exhaust administrative remedies is an affirmative defense under the PLRA which the Defendants must plead and prove. *See Jones v. Bock, et al.* 594 U.S. 199, 216 (2007). In support of Defendant Elijah's claim that Plaintiff did not exhaust his available administrative remedies, Defendant provides the declarations of T. Billings, Appeals Coordinator for Kern Valley State Prison, and N. Grannis, Chief of Inmate Appeals Branch for the California Department of Corrections and Rehabilitation ("CDCR"). In Billings Declaration, he attaches the original inmate administrative grievance filed by Plaintiff and the "Second Level" review prepared by Mike Knowles, Warden for Kern Valley State Prison. (*See* Billings Decl., Exhibit A, Inmate/Parolee Appeal Form, Log No. KVSP-0-06-03710, Exhibit B, Memorandum regarding State Complaint Response, Appeal No. KVSP-0-06-03710 dated Dec. 29, 2006). While a second level review was conducted of Plaintiff's administrative grievance, the Declaration of N. Grannis indicates that Plaintiff never appealed the second level decision to the Director's Level of review. (*See* Grannis Decl. at ¶ 9.)

The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.*

While Plaintiff's appeal to the Second Level of Review resulted in a "partial grant" of his request, he failed to submit an appeal to the Third Level of Review. The Ninth Circuit has held that under certain circumstances a "partial grant" can satisfy the PLRA's exhaustion requirement. *See Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). However, this case is distinguishable from *Valoff*. In *Valoff* the prison officials responded to Plaintiff's complaints against staff at the second level by characterizing the "appeal issues as 'Staff Complaint' and stated that the 'Appeal Decision' was 'Partially Granted.'" *Id.* This is virtually identical to the second level response received by Plaintiff. However, the difference lies in the fact that the prison officials in *Valoff* failed to inform the prisoner that further review of his appeal and potential additional relief was available. *Id.* In the case before this Court, the second level response prepared by Warden Knowles specifically informed Plaintiff that "allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process" and Plaintiff was also informed that he must "submit [Plaintiff's] staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review." (*See* Billings Decl., Exhibit "B.") According to the declaration of N. Grannis, Plaintiff never filed an appeal to the Director's Level. Plaintiff has failed to rebut Defendants' showing that he failed to properly exhaust his administrative grievances with respect to any of the claims in his Complaint. Thus, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the Court finds that Plaintiff's entire action must be dismissed for failing to exhaust, it need not address Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6).

/ / /

/ / /

/ / /

## IV.

## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust administrative remedies pursuant to FED.R.CIV.P. 12(b) [Doc. No. 12] is GRANTED. Plaintiff's Complaint is DISMISSED without prejudice.

The Clerk of Court shall close the file.

**DATED: July 27, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**